UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANTOS WALTERS, | No. C 14-4954 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND** |
| v. | |
| DR. JOHN GRANT; et al., | |
| Defendants. | |

## INTRODUCTION

Michael Santos Walters, a prisoner at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the prison. The court dismissed the two complaints Walters filed,[1] and granted him leave to file a single amended complaint. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

In his amended complaint, Walters appears to be trying to allege claims for ADA violations, deliberate indifference to his medical needs, deliberate indifference to his safety, and an improper placement in adjustment center housing. Although the court can understand the general topics of concern to Walters, the amended complaint is far too burdened with excessive argument, unclear allegations, and cross-references to numerous exhibits for the court to be able to determine exactly what claims are stated and against whom. The court could pick out some claims, but would have little confidence that it had not overlooked other claims because

---

[1] Walters filed two very similar, but not identical, complaints. See Dkt. Nos. 1, 2.

plaintiff's writing style leaves the reader guessing as to the meaning of many of his allegations. For example, it often is difficult to understand whether Walters is arguing why he should prevail on one claim or is attempting to allege separate claims.

The court's order of dismissal with leave to amend provided detailed instructions about alleging claims, but Walters appears to have ignored many of those instructions. He will be given one last chance to try to cure the problems already identified for him.

First, Walters appears to be trying to complain about ADA violations. The order of dismissal with leave to amend explained that Walters needed to identify a proper defendant, such as the CDCR or San Quentin State Prison or the chief medical officer in his official capacity. *See* Docket # 10 at 7. The amended complaint did not name the CDCR or San Quentin as a defendant and instead alleged that Dr. McCabe was being sued "in his official capacity for the ADA violations which occurred at CSP Corcoran." Docket # 12 at 10. That would be fine if Walters was still at Corcoran or only was complaining about conditions at Corcoran. However, the ADA section of his amended complaint focuses on the conditions that may have started at Corcoran but continue to exist at San Quentin. If Walters only wants to pursue a claim about the conditions at Corcoran, he may do so; however, if he wants to pursue an ADA claim about the conditions at San Quentin, he needs to identify a proper defendant, such as the CDCR or San Quentin State Prison. In his second amended complaint, Walters also must identify his disabilities for which accommodation was sought, and list the accommodations that were not provided for him.

Second, the amended complaint has numerous allegations about Walters' efforts to exhaust administrative remedies for his ADA and § 1983 claims. Because exhaustion of administrative remedies is an affirmative defense, it does not need to be alleged in a plaintiff's complaint. Not only were the allegations unnecessary, but the allegations about exhaustion of administrative remedies also are frequently so confused that the reader is left guessing whether the allegations are an attempt to explain efforts to exhaust administrative remedies or are an attempt to allege a separate claims for relief. As explained in the order of dismissal with leave to amend, prison officials are not liable for a due process violation for simply failing to process

2

an appeal properly or failing to grant an inmate appeal. In his second amended complaint, Walters should omit his allegations about his efforts to exhaust administrative remedies, unless he is attempting to plead liability for an ongoing Eighth Amendment violation, as explained in the order of dismissal with leave to amend.[2]

Third, a recurring theme in the amended complaint, like the original complaint, is that prison officials were retaliating against Walters. Nothing alleged in the amended complaint plausibly suggests that it was Walters' First Amendment activities, rather than his remarkably violent history in prison and against medical care providers, that prompted the allegedly adverse decision by medical care providers and prison officials at San Quentin. The retaliation claim is DISMISSED without further leave to amend for the reasons stated in this paragraph and at pages 7-9 of the order of dismissal with leave to amend.

The dismissal of the retaliation claim means that it is unnecessary for Walters to allege his views as to why the doctors provided inadequate care and why prison officials failed to accommodate his disabilities. Without the unnecessary allegations trying to show an evil motive, Walters should be able to allege more coherent claims for ADA violations and deliberate indifference to his medical needs. Walters should provide a paragraph for each defendant in which he states what that defendant did or failed to do that amounted to deliberate indifference to his medical needs and provide the date(s) on which the events occurred.

Fourth, Walters' claim for deliberate indifference to his safety is dismissed with further leave to amend. Walters has not alleged facts plausibly showing that the Mexican Mafia inmates prose a serious risk of danger to him. Merely being housed in the same building with the Mexican Mafia inmates who allegedly are his enemies does not suggest deliberate indifference, unless those inmates have an opportunity and intent to attack him. In his second amended complaint, Walters needs to allege facts suggesting that those inmates have an opportunity and

---

[2] Whether a prisoner-plaintiff has exhausted administrative remedies for each of his claims may be the subject of a future motion for summary judgment from the defendants, but that does not mean that the prisoner-plaintiff needs to or should make his argument about exhaustion in his pleading. The prisoner-plaintiff should wait to see if defendants argue that he failed to exhaust his administrative remedies. At that point in time, it would be appropriate for the prisoner-plaintiff to present his argument about his efforts to exhaust administrative remedies.

intent to attack him. With regard to Walters' allegations that he (Walters) told prison officials that he is targeting Mexican Mafia inmates, he has not alleged facts showing that defendants acted with deliberate indifference to a serious risk to his safety when they encouraged him to program positively and to inform staff or a mental health clinician if he felt an urge to harm someone. Docket # 12 at 16.

Fifth, the court notes a particular difficulty in understanding Walters' allegations about "OP 608." *See* Docket # 12 at 16-19. In his second amended complaint, Walters should attempt to allege his claim regarding this procedure more clearly. Insofar as he is attempting to allege that indeterminate SHU terms and property restrictions are only imposed on condemned inmates for past disciplinary problems, he appears to be wrong on the facts. Although OP 68, § 301 may only apply to inmates on death row, there appears to be a comparable policy for inmates not on death row. *See Goolsby v. Cate*, 2012 WL 2088762, *4 (Cal. Ct. App. 2012) (unpublished decision) (quoting memorandum allowing indeterminate SHU status for inmates considered disruptive based on their past disciplinary histories); *Washington v. Woodward*, 2005 WL 1910664 (Cal. Ct. App. 2005) (unpublished decision)(discussing allegations regarding memorandum allowing indeterminate SHU status for inmates based on past disciplinary history). And the SHU units for non-condemned inmates have property restrictions different from general population, which undermines the assertion that the property control for condemned inmates has no equivalent for non-condemned inmates. *See* Cal. Code Regs. tit. 15, § 31(b)(4); § 3190(u). In light of the existence of comparable policies for indeterminate SHU terms for non-condemned inmates based on their disciplinary histories, Walters has failed to allege a plausible claim for an equal protection violation. Insofar as he wants to allege a procedural due process violation, Walters must identify the procedural protections that he was not provided.

Sixth, the court is unable to understand Claim V of the amended complaint. *See* Docket # 12 at 19-21. Walters appears to allege that he is being taken to offices on the first floor rather than upstairs for mental health appointments, but it is not clear what his problem is with arrangement because his other allegations suggest that he has difficulty climbing stairs.

Finally, the second amended complaint must be a complete statement of Walters' claims.

4

The court will not read through the exhibits to piece together his claims. It is a plaintiff's obligation to write out the facts in support of his claims. Walters also is cautioned to carefully examine his filings to be sure he has the pages in the correct order and then put page numbers on them. Some of the pages in the amended complaint appear to be out of order.

## CONCLUSION

Plaintiff's amended complaint is dismissed with leave to amend. Plaintiff must file a second amended complaint no later than **October 30, 2015**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). He does not, however, have to re-allege claims that the court has dismissed without leave to amend. Failure to file a second amended complaint by the deadline may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 30, 2015

_____
SUSAN ILLSTON
United States District Judge